**Daniel J. LaTONDRESS, Plaintiff,**

v.

**LOCAL NO. 7, IBT and Dean Foods Company, Defendants.**

K83–382 CA4.

United States District Court,
W.D. Michigan, S.D.

Aug. 1, 1984.

**296**

Nancy L. Dilley, Dilley & Dilley, Grand Rapids, Mich., for plaintiff.

Michael L. Fayette, Kleiner, De Young & Fayette, Grand Rapids, Mich., for Chauffeurs and Local No. 7.

Charles S. Mishkind, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., E. Allan Kovar, Kovar, Nelson & Brittain, Chicago, Ill., for Dean Foods, Inc.

## OPINION

BENJAMIN F. GIBSON, District Judge.

The plaintiff was notified on February 5, 1983 by the defendant union that his grievance against defendant Dean Foods would not proceed to arbitration. He filed the instant suit on August 2, 1983 alleging a hybrid § 301 claim against the union and Dean Foods. Plaintiff's suit was filed within the six month limitations period in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applicable to such claims. *See Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Section 10(b) of the Act requires by its express terms that a charging party file *and* serve the complaint within six months.[1] Although there is no dispute that the complaint was filed within six months, the defendants contend that they were served on August 10, 1983, three days after the six month period expired. The defendants' position is that the *Del Costello* decision incorporates the § 10(b) requirements that the complaint be both filed and served within six months. The instant complaint being served three days late, the defendants contend that this case should be dismissed.

The Court in *Del Costello* borrowed the limitations period in § 10(b), which applies to the filing of administrative complaints before the National Labor Relations Board. Noting that the interests in unfair labor practice charges and hybrid § 301 suits are "very similar," the Court adopted the six month period. However, in applying the period to the two complaints before the Court in *Del Costello*, the focus was on the time of filing. *See* 103 S.Ct. at 2294. The Court's opinion contains no indication that service within six months is also a requirement. This is also true of the Court's opinion in *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (Stewart, J., concurring), which is heavily relied upon in *Del Costello*.

The defendants rely on three unpublished district court decisions which infer that *Del Costello* adopted the timeliness provisions of § 10(b) in whole.[2] However, faced with the options of borrowing state statutes which varied from thirty days to three years, the *Del Costello* court appears to have been primarily concerned with the limitation on the time in which to commence a § 301 suit. The Court had before it the question of whether to apply Maryland's three year statute, New York's thir-

---

**1.** § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) authorizes the Board to entertain unfair labor practice charges:

Provided ... no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board *and the service of a copy thereof upon the person against whom such charge is made* ...

**2.** *Hoffman v. United Markets, Inc.*, No. C83–4031, slip op. (N.D.Cal. Mar. 29, 1984); *Howard v. Lockheed Georgia Co.*, No. C82–862, slip op. (N.D.Ga. Sept. 8, 1983); *Howard v. Lockheed Georgia Co.*, No. C82–862A (N.D.Ga. Feb. 7, 1984).

ty day statute, or the six month period in § 10(b).

It is the opinion of this Court that *Del Costello* establishes that hybrid § 301 complaints must be filed within six months after accrual of the cause of action. The question not having been before the Court in *Del Costello*, this Court believes that better practice is to subject § 301 plaintiffs to the service requirements of the Federal Rules of Civil Procedure, *see* Fed.R.Civ.P. 4, rather than the service requirements of § 10(b).

The Court's ruling in this regard is in conformity with the law of the Sixth Circuit, that the filing of the complaint tolls the limitations period, and thereafter requires that the summons and complaint be served in a diligent fashion. *See U.S. v. Wahl*, 583 F.2d 285 (6th Cir.1978); Wright and Miller, Fed. Practice and Procedure: Civil § 1056, and cases cited therein. The Court notes that Rule 4 was amended in 1983 to require that defendants be served within 120 days of the filing of the complaint. *See* Rule 4(j). This limit was thought to be reasonable "... given the vagaries of litigation, and especially federal litigation ..." Practice Commentaries on Fed.R.Civ.P. Rule 4, subd. (j). There is no indication in *Del Costello* that § 301 plaintiffs should be precluded from the benefit of Rule 4(j). To accept the defendants' position regarding § 301 suits would deny § 301 plaintiffs the benefit of the four months grace allowed other federal courts plaintiffs between filing and serving their complaints.

The interest in achieving a balance between stable bargaining relationships and finality of private settlements was identified in *Del Costello* as the reason for adopting the § 10(b) period. That interest is not affected by the decision herein. However, this Court is of the opinion that, having been filed within six months, § 301 plaintiffs should be subject to the service requirements of the Federal Rules. Therefore, the instant complaint being served in compliance with Rule 4(j), service is timely.

For the reasons stated, the defendants' motion to dismiss is denied.