**Donald E. HOWARD,
Plaintiff-Appellant,**

v.

**LOCKHEED–GEORGIA COMPANY, Aeronautical Machinists Local Lodge 709 of the International, Defendants-Appellees.**

**No. 84–8170
Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Sept. 24, 1984.

Penelope W. Rumsey, Novy & Rumsey, Atlanta, Ga., for plaintiff-appellant.

Thomas H. Christopher, Atlanta, Ga., for Lockheed.

J.R. Goldthwaite, Jr., Adair & Goldthwaite, Atlanta, Ga., for Aeronautical Machinists, Local Lodge 709.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

In this action for breach of the duty of fair representation by the plaintiff's union, the district court entered summary judgment for defendants because plaintiff had not both filed *and* served his complaint within the six-month period required by the applicable statute of limitations, § 10(b) of the National Labor Relations Act, 29 U.S.C.A. § 160(b). We affirm.

The United States Supreme Court, in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 1, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), held that the six-month limitations period in § 10(b) governs claims of this kind against both employers and unions. The issue on this appeal is whether filing within the statutory period is sufficient, or whether the complaint must also be served within that period.

As a general rule, an action is "commenced" in federal court by the filing of a complaint. *See Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1188 (5th Cir. 1980). The general rule expressed governs when the statute of limitations merely requires that an action be "brought", "commenced," or "initiated" within a specified time. Here, however, Section 10(b) expressly requires both filing *and* service within a six months period.

> [N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made....

29 U.S.C.A. 160(b).

The plaintiff argues that § 10(b)'s service requirement is an administrative rule promulgated by the National Labor Relations Board for administrative procedures and should not apply in judicial proceedings. The limitations period was "bor-

rowed" from the provision that applies to proceedings before the National Labor Relations Board, however, *see DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 1, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The service of process requirement is part of the express statutory provision. There is no reason why the six-month period would be borrowed and the filing and service would be left to the general rule. *N.L.R.B. v. Local 264, Laborer's International Union,* 529 F.2d 778, 782 (8th Cir. 1976) ("The statute is clear in providing that a charge must not only be filed, it must also be served within the prescribed six-month period."); *see* H.R.Rep. No. 510, 80th Cong., 1st Sess., 53 (1947), *reprinted in* U.S.Code Cong.Serv. 1135, 1159 (1947) (Conference Committee Statement by House Managers).

■ Since the complaint was not served within the time the six-month period had concededly expired, the district court properly entered summary judgment for defendants.

■ Defendants argue that, in any event, the complaint was not even *filed* within the six-month period. They assert that the cause of action accrued on October 16, 1981, and the six-month limitations period expired on April 16, 1982, so that the action filed April 27, 1982 was untimely. In the absence of fraud or concealment, § 10(b)'s six-month limitations period starts running when the claimant "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]", *N.L.R.B. v. Don Burgess Construction Co.,* 596 F.2d 378, 382 (9th Cir.), *cert. denied,* 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (1979) (brackets in original) (citations omitted). As stated by this Court, "[f]or the purpose of determining when the § 10(b) period begins to run, we look to when plaintiffs either were or should have been aware of the injury itself, not to when plaintiffs' became aware of one of the injury's many manifestations." *Benson v. General Motors Corp.,* 716 F.2d 862, 864 (11th Cir. 1983). *See also, Farr v. H.K. Porter Co.,*

727 F.2d 502, 505–06 (5th Cir.1984); *N.L.R.B. v. Auto Warehousers, Inc.,* 571 F.2d 860, 864–65 (5th Cir.1978).

■ The parties disagree on the earliest date the plaintiff should be charged with knowledge of each defendants' alleged breach. The evidence is persuasive that plaintiff knew of both Lockheed's and the Union's final actions no later than October 16, 1981. Lockheed informed plaintiff that his grievance had been denied by Lockheed on July 2, 1981, by a letter dated July 6, 1981. The Union's Senior Board met on September 22, 1981 and decided in caucus that plaintiff's grievance was without merit and would not be presented before the company representatives on the Senior Board. Plaintiff admitted in his own deposition that he knew his grievance had been withdrawn a few days before he was laid off on October 16, and there is no question but that he had actual knowledge of his grievance's denial when he lost his job on that date. The fact that plaintiff did not receive formal written notice of the Union's September 22 action until the Union belatedly wrote plaintiff on October 28 is not determinative. Defendants had no contractual duty to provide formal written notice, and even if the Union were negligent in not providing formal notice sooner, the failure to give that notice would not mean that the plaintiff did not have the requisite knowledge. *Higdon v. United Steel Workers,* 706 F.2d 1561, 1562 (11th Cir.1983); *Freeman v. O'Neal Steel, Inc.,* 609 F.2d 1123, 1127 (5th Cir.1980), *cert. denied,* 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980); *Whitten v. Anchor Motor Freight, Inc.,* 521 F.2d 1335, 1341 (6th Cir.1975), *cert. denied,* 425 U.S. 981, 96 S.Ct. 2188, 48 L.Ed.2d 807 (1976). The plaintiff was orally informed of his grievance's withdrawal no later than October 16 so the date he received formal written notice would not control. The summary judgment could have been based on the ground that the statute of limitations set forth by § 10(b) expired on April 16, 1982, so that plaintiff's April 27 filing was not timely.

AFFIRMED.