**Jack THOMSEN, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC.;
and Local 710, International
Brotherhood of Teamsters, Defendants.**

Civ. No. 84–113–D–2.

United States District Court,
S.D. Iowa,
Davenport Division.

May 15, 1985.

W. Michael Shinkle, Davenport, Iowa, for plaintiff.

Albert L. Harvey, Des Moines, Iowa, for defendant United Parcel Service.

Gerald J. Meehan, Rock Island, Ill., for defendant Local 710.

**MEMORANDUM OPINION AND
RULING ON MOTION FOR
SUMMARY JUDGMENT**

VIETOR, Chief Judge.

The court has before it a motion for summary judgment submitted by defendant Local 710, International Brotherhood of Teamsters.[1] Plaintiff has filed a resistance to the motion and the matter is fully submitted.

This action is brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff claims that defendant United Parcel Service, Inc. discharged him in violation of the collective bargaining agreement governing his employment and that his union, defendant Local 710, breached its duty of fair represen-

---

**1.** In its order dated February 27, 1985, the court ordered that defendant's motion to dismiss be treated as one for summary judgment. Plain- tiff's subsequently filed resistance incorporates his resistance to the motion to dismiss.

tation in the ensuing grievance proceedings.

In support of its motion, the union contends that plaintiff's suit is barred by the six month limitations period applicable to hybrid section 301-fair representation claims under *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The union's first basis for this contention is that "the newly filed complaint was not filed until September 17, 1984." This contention is not supported by the facts. There is no "newly filed complaint." New summonses were issued by the clerk of court on September 17, 1984, but the only complaint on file is the original complaint filed June 18, 1984, which is within six months of January 19, 1984, the date plaintiff's claim arose.

The union's second basis for its contention that plaintiff's suit is time barred is that the union was not served within the six month limitations period. In federal suits to enforce federal rights, the general rule is that limitations periods are tolled by the filing of a complaint. *See* Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."); 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1056 (1969). However, the union argues that under the rule of *DelCostello* the six month limitations period is not tolled until the plaintiff has both filed and served his complaint. This is the conclusion reached by two panels of the United States Court of Appeals for the Eleventh Circuit. *Simon v. Kroger Co.*, 743 F.2d 1544 (11th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2155, 85 L.Ed.2d 511 (1985); *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612 (11th Cir.1984).

This court respectfully disagrees with the determinations of the Eleventh Circuit. In *DelCostello*, the Court borrowed the six month limitations period provided in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), for making charges of unfair labor practices to the National Labor Relations Board. Section 10(b) provides that its limitation period is not tolled until a charge is filed with the Board and served on the employer. The Court did not state whether it was borrowing the tolling provision of section 10(b) along with its limitations period. However, the analysis in which the Court engaged gives no indication that its purpose extended beyond discovery of the appropriate length of time within which to commence a hybrid section 301-fair representation action: "[W]e are applying a statute of limitations to a different cause of action ... because it is the most suitable source for borrowing to fill a gap in federal law." *DelCostello*, 103 S.Ct. at 2293 n. 21. The "gap" existed because the duty of fair representation claim was created by judicial interpretations of the National Labor Relations Act; the section 10(b) limitations period for bringing unfair labor practice charges was selected simply because it provides "a closer analogy than available state statutes" to a fair representation claim. *DelCostello*, 103 S.Ct. at 2294.

This court recognizes that limitations periods and tolling provisions are closely related. However, that is not a sufficient reason to deviate from the general rule that in a federal suit to enforce a federal right, the filing of a complaint tolls the limitations period. Following the general rule promotes uniformity among suits brought in federal court. Moreover, the tolling provision of section 10(b) was designed for administrative proceedings. Requiring service to toll the limitations period is not necessary in suits in federal courts because of Rule 4(a), Fed.R.Civ.P., which provides that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint." Another consideration that weighs against adoption of the section 10(b) service requirement is the rule followed when a state limitations period is borrowed for a federal cause of action: tolling upon filing applies

**1246**

even if the state's law requires service on the defendant to toll its limitations period. *Jackson v. Duke*, 259 F.2d 3, 6 (5th Cir. 1958); *Bomar v. Keyes*, 162 F.2d 136 (2d Cir.), *cert. denied*, 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400 (1947); 2 J. Moore & J. Lucas, *Moore's Federal Practice*, ¶ 3.07[4.-3-2] (2d ed. 1985).

In a dissent from the denial of certiorari in *Simon v. Kroger Co.*, Justice White, joined by Justices Brennan and Marshall, notes another reason for rejecting the service requirement of section 10(b):

> In practical effect, the Eleventh Circuit's ruling shortens the 6-month period by the amount of time necessary of [sic] effect service under the Federal Rules. Section 10(b) does not have a similar impact in administrative proceedings, in which service is accomplished merely by placing a copy of the charge in the mail. Compare Fed.Rule Civ.Proc. 4 with 29 CFR § 102.113(a) (1984).

*Simon v. Kroger Co.*, — U.S. at ——, 105 S.Ct. at 2156. The dissenters also observe that the adoption of the section 10(b) tolling provision to hybrid actions was implicitly rejected in *Smith v. General Motors Corp.*, 747 F.2d 372 (6th Cir.1984), and *Williams v. E.I. du Pont de Nemours Co.*, 581 F.Supp. 791 (M.D.Tenn.1983).

This court concludes that the service requirement contained in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), is not applicable to a judicial action presenting a section 301-fair representation claim. Plaintiff commenced this action within the six month limitation period when he filed his complaint. Fed.R.Civ.P. 3. Therefore, the motion for summary judgment is denied.

The court is of the opinion that this order denying defendant Local 710's motion to dismiss involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).