770 F.2d 168
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PHILIP WALKER, JR., PLAINTIFF-APPELLANT,
v.
JOHN MARTIN DISTRIBUTING, INC., TEAMSTERS LOCAL 783,
DEFENDANTS-APPELLEES.
 NO. 84-5380
 United States Court of Appeals, Sixth Circuit.
 7/18/85
 
 W.D.Ky.
 AFFIRMED
 ORDER
 BEFORE: JONES and CONTIE, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the summary judgment for the defendants in this hybrid action for wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and for breach of the Union's duty of fair representation. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff was discharged from his employment with the defendant Company on August 6, 1982. He filed a grievance under the terms of the collective bargaining agreement. The Company denied the grievance on August 19, 1982 and the Union business agent handling the grievance decided not to take the grievance to arbitration. The plaintiff appealed to the Union Executive Board which decided on October 11, 1982 to approve the business agent's decision.
 
 
 3
 The present hybrid Sec. 301/unfair representation action was filed in state court on May 31, 1983. Upon having the action removed to the federal district court, the defendants moved for summary judgment on grounds the action was not filed within the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). The district court agreed that Sec. 10(b) applied to the case, determined the plaintiff's cause of action accrued on October 11, 1983, and granted the defendants' motions for summary judgment. This appeal followed.
 
 
 4
 The plaintiff argues on appeal that the district court erred in not applying a Kentucky one-year statute of limitations to this action. That argument is without merit. In DelCostello v. Teamsters, 462 U.S. 151 (1983), the Supreme Court held Sec. 10(b) applicable to hybrid Sec. 301/unfair representation actions. Moreover, this Court held in Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), that the DelCostello decision was to be given retroactive effect.
 
 
 5
 A cause of action accrues under Sec. 10(b) 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation].' NLRB v. Allied Products Corp., Richard Brothers Division, 548 F.2d 644, 650 (6th Cir. 1977). For purposes of a hybrid Sec. 301/unfair representation action, that occurs when the claimant learns or should have learned of the Union's alleged breach of its duty of fair representation. See Shapiro v. Cook United, Inc., No. 83-3087 (6th Cir. May 17, 1985); Howard v. Lockheed-Georgia Co., 742 F.2d 612, 614 (11th Cir. 1984); Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299, 304 (7th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984).
 
 
 6
 In this case, the Union business agent filed an affidavit stating he informed the plaintiff of the Executive Board's October 11, 1982 decision either on that date or on the following day. The record contains nothing filed by the plaintiff indicating the plaintiff was not aware of the Board's decision by that time or shortly thereafter. Because the plaintiff's cause of action therefore accrued more than six months before he filed the complaint in the present action, the district court did not err in finding the action barred under Sec. 10(b). Accordingly,
 
 
 7
 It is ORDERED that the summary judgment entered for the defendants in this action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.