**Walter MACON, Plaintiff-Appellant,**

v.

**ITT CONTINENTAL BAKING CO., INC., et al., Defendants-Appellees.**

No. 83–3197.

United States Court of Appeals,
Sixth Circuit.

Argued April 2, 1985.

Decided Dec. 23, 1985.

Farris E. Williams (argued), Jones, Williams & Associates Co., L.P.A., East Cleveland, Ohio, for plaintiff-appellant.

George H. Faulkner (argued), Janet Maher, Timothy Sheeran (argued), Squire, Sanders and Dempsey, Cleveland, Ohio, for defendants-appellees.

Before ENGEL and KEITH, Circuit Judges and COHN, District Judge.[*]

ENGEL, Circuit Judge.

Intervening decisions of the Supreme Court and in our circuit have reduced the issues in this appeal to one: does the six-month limitation upon hybrid 301/fair representation suits borrowed from section 10(b) of the National Labor Relations Act borrow as well the requirements that both filing *and service* of the complaint be accomplished within the six-month period? We answer in the negative and hold that such actions are instead governed by the filing and service requirements under the Federal Rules of Civil Procedure generally applicable to civil suits in the district court. Accordingly we reverse and remand.

Walter Macon was employed as a route sales representative by appellee ITT Continental Baking Company, Inc. (ITT) from June 16, 1973, until he was discharged on November 18, 1981. As a route sales representative, Macon was within the bargaining unit covered by the collective bargaining agreement between ITT and appellee Bakery Drivers' Union Local 52, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America (Local 52 or Union).

On October 26, 1981, members of ITT management met with Macon and William Evans, Local 52's secretary/treasurer, and informed them that an ITT customer had alleged that Macon had been overcharging him for deliveries. Macon was also told that such overcharging, if verified, would constitute "dishonesty" under the collective bargaining agreement and would, therefore, subject him to possible sanctions, including discharge without a prior hearing. Macon was suspended pending further investigation.

On November 18, 1981, a second meeting was held, attended by ITT management, Macon, Evans, two Union stewards, and Macon's attorney. ITT representatives informed Macon that their investigation had confirmed the overcharging complaint and had uncovered a second complaint of irregular charging. Macon was then told that he was being terminated for dishonesty.

On May 18, 1982, exactly six months after his discharge, Macon filed a complaint in the United States District Court for the Northern District of Ohio against ITT and Local 52 under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, claiming that his discharge violated the ITT–Local 52 collective bargaining agreement and that Local 52 had breached its duty of fair representation.

[*] Honorable Avern Cohn, Judge for the United States District Court for the Eastern District of Michigan, sitting by designation.

Service of the complaint upon the Company and Local 52 was made after the expiration of the six-month period but well within the 120 days prescribed by Rule 4(j) of the Federal Rules of Civil Procedure. Appellees filed motions to dismiss or, in the alternative, for summary judgment. On February 17, 1983, the district court granted the motions to dismiss, concluding that Macon's claim was barred by Ohio's ninety-day statute of limitations for vacation of arbitration awards, Ohio Rev.Code § 2711.-13. The court also granted the defendants' summary judgment motions on the ground that no genuine issue of material fact remained.

On appeal, Macon contends that under *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the six-month statute of limitations of section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b), applies and that his claim was, therefore, timely filed. ITT and Local 52 argue that *DelCostello* should not be retroactively applied here. They further state that even if the statute of limitations contained in section 10(b) is used here, Macon's suit was not timely because the defendants were not *served* within the six-month period as section 10(b) requires. *See Howard v. Lockheed-Georgia Co.*, 742 F.2d 612 (11th Cir.1984).[1]

## I.

The trial judge's decision came prior to the Supreme Court's decision in *DelCostello v. International Brotherhood of Teamsters*, which holds that the six-month limitations period of section 10(b) of the NLRA, 29 U.S.C. § 160(b), is applicable to hybrid section 301/fair representation suits. Hybrid suits, such as those in *DelCostello* and here, involve allegations of a breach of the collective bargaining agreement by the employer and a breach of the duty of fair representation by the union, both in violation of section 301 of the LMRA, 29 U.S.C. § 185.

In *DelCostello*, the Supreme Court concluded that in hybrid actions application of the most nearly analogous state limitation statutes "suffer[s] from flaws, not only of legal substance, but more important, of practical application in view of the policies of federal labor law and the practicalities of hybrid § 301/fair representation litigation." 462 U.S. at 165, 103 S.Ct. at 2281. The Court, therefore, decided to borrow instead the federal statute of limitations contained in section 10(b) of the NLRA, 29 U.S.C. § 160(b). *Id.* at 169, 103 S.Ct. at 2293.

Section 10(b) establishes a six-month period for filing unfair labor practice charges with the National Labor Relations Board (NLRB). It provides in pertinent part:

(b) Whenever it is charged that any person had engaged in or is engaging in any such unfair labor practice, the Board, or any agent or agency designated by the Board for such purposes, shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board or a member thereof, or before a designated agent or agency, at a place therein fixed, not less than five days after the serving of said complaint: *Provided, That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made*, unless the person aggrieved thereby was prevented from filing such charge by reason of service in the armed forces, in which event the

---

**1.** ITT and Local 52 also contend that even if Macon's suit was timely filed, the district court should be affirmed on the alternate ground that Macon failed to exhaust his contractual remedies under the collective bargaining agreement before bringing suit. Macon counters that his failure to make a written request that the Union pursue his grievance may be excused because such a request would have been futile. Because we find that the district court did not adequately address this issue, we decline to address it on this appeal. The issue therefore remains to be decided by the district court on remand.

six-month period shall be computed from the day of his discharge.

29 U.S.C. § 160(b) (emphasis added).

Under the Supreme Court's holding in *DelCostello*, the six-month period of section 10(b) is applicable to the instant case. While appellees have argued that *DelCostello* should not be applied retroactively here, in *Smith v. General Motors Corp.*, 747 F.2d 372 (6th Cir.1984), the Sixth Circuit sitting *en banc* held that *DelCostello* would be retroactively applied to cases such as this.

The only limitations question therefore remaining for us is whether Macon's suit was timely under *DelCostello* and section 10(b). It is undisputed that, although Macon's complaint was filed within the six-month period, service of process was effected only after the six-month period had expired.

Our circuit in *Mohler v. Miller*, 235 F.2d 153, 154–55 (6th Cir.1956), recognized the general rule applicable to civil actions.

> Under Rules 3 and 4, Federal Rules of Civil Procedure, 28 U.S.C.A., an action is commenced by the filing of a complaint, the issuance forthwith by the clerk of a summons and its delivery to the marshal for service. It is the filing of the complaint, when followed by the lodging of the writ with the marshal, that tolls the statute of limitations.

*See also United States v. Wahl*, 583 F.2d 285, 288 (6th Cir.1978). Thus, under this general rule, Macon's suit was timely insofar as it was filed within the limitations period even though service of process was not had within that period.

The company and the union contend, however, that under the statutory language of section 10(b) Macon's complaint had to be both filed and served within the six-month period if the running of the statute of limitations was to be tolled effectively. Their position is supported by several decisions, primarily from the Eleventh Circuit.

In *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612 (11th Cir.1984), the Eleventh Circuit held that a mixed 301 suit is timely only when the plaintiff files *and serves* his complaint within the six-month period of section 10(b):

> As a general rule, an action is "commenced" in federal court by the filing of a complaint. *See Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1188 (5th Cir.1980). The general rule expressed governs when the statute of limitations merely requires that an action be "brought," "commenced," or "initiated" within a specified time. Here, however, Section 10(b) expressly requires both filing *and* service within a six months period.
>
> [N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made....

29 U.S.C.A. 160(b).

The plaintiff argues that § 10(b)'s service requirement is an administrative rule promulgated by the National Labor Relations Board for administrative procedures and should not apply in judicial proceedings. The limitations period was "borrowed" from the provision that applies to proceedings before the National Labor Relations Board, however, *see Del-Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The service of process requirement is part of the express statutory provision. There is no reason why the six-month period would be borrowed and the filing and service would be left to the general rule. *N.L. R.B. v. Local 264, Laborer's International Union*, 529 F.2d 778, 782 (8th Cir.1976) ("The statute is clear in providing that a charge must not only be filed, it must also be served within the prescribed six-month period."); *see* H.R.Rep. No. 510, 80th Cong., 1st Sess., 53 (1947), *reprinted in* U.S.Code Cong.Serv. 1135, 1159 (1947) (Conference Committee Statement by House Managers).

Since the complaint was not served within the time the six-month period had concededly expired, the district court properly entered summary judgment for defendants.

742 F.2d at 613–14. The Eleventh Circuit reached the same result once more in *Simon v. Kroger,* 743 F.2d 1544, 1546 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2155, 85 L.Ed.2d 511 (1985):

> We find that the intent, spirit, and plain language of section 10(b) require that a complaint [in a hybrid section 301/fair representation case] be both filed and served within the six-month limitations period.

At least three other courts have also held that the requirement under section 10(b) of both filing and service within six months applies to hybrid section 301/fair representation suits. *See Waldron v. Motor Coils Manufacturing Co.,* 606 F.Supp. 658, 659 (W.D.Penn.1985) (relying on *Howard* and *Simon* ); *Thompson v. Ralston Purina Co.,* 599 F.Supp. 756, 758 (W.D.Mich.1984) (relying on *Howard* ); *Hoffman v. United Markets, Inc.,* 117 L.R.R.M. 3229, 3230 (N.D.Cal.1984) (relying on the language of section 10(b)). None of these decisions analyze this question at any length.

Several courts, however, have not followed the Eleventh Circuit rule. In *Smith v. General Motors Corp., supra,* our court held that one plaintiff's suit was timely under *DelCostello* when it was filed five months and twenty-seven days after his discharge. We did not there expressly discuss when service was had or the possible application of the Eleventh Circuit's rule. Other courts, however, have expressly considered and rejected the rationale expressed in *Howard.* *See Thomsen v. United Parcel Service, Inc.,* 608 F.Supp. 1244 (S.D.Iowa 1985); *LaTondress v. Local No. 7, IBT,* 102 F.R.D. 295 (W.D.Mich.1984); *Williams v. E.I. duPont de Nemours Co.,* 581 F.Supp. 791, 792–93 (M.D.Tenn.1983). In our view objections raised by those courts are well-founded.

There is nothing in the *DelCostello* opinion to indicate that service within six months is an additional requirement for a timely suit.[2] As Judge Benjamin Gibson in *LaTondress, supra,* pointed out, "in applying the [section 10(b)] period to the two complaints before the Court in *DelCostello,* the focus was on the time of filing." 102 F.R.D. at 296.

Without intending any disrespect it seems to us that *DelCostello* was perceived by the Supreme Court as presenting a practical problem which existed nationwide and needed a practical nationwide solution.[3] Although this approach may be criticized, the result in *DelCostello* can only be considered felicitous by the bench and bar generally. Certainty was achieved at the dubious expense of the somewhat ephemeral concepts which have governed the resolution of the "most nearly analogous" state law limiting the time for starting lawsuits. In our view, the Supreme Court in *DelCostello* was seeking a uniform rule to be applicable to actions which were historically federal in their nature, actions created by Congress but with no thought to the length of time within which they should be brought. For a solution, the Supreme Court looked to the substance of the conflict and not to the forum in which it necessarily arose. While the "most nearly anal-

---

**2.** On the contrary, the Supreme Court expressly noted that it was applying the statute of limitations of section 10(b) to hybrid section 301/fair representation suits, "not because the legislature enacting that limitations provision intended that it apply elsewhere, but because it is the most suitable source for borrowing to fill a gap in federal law." *DelCostello,* 462 U.S. at 170 n. 21, 103 S.Ct. at 2293 n. 21. There is, however, no "gap in federal law" insofar as the commencement of a civil action in a federal court is concerned. Fed.R.Civ.P. 3 unequivocally states that, "A civil action is commenced by filing a complaint with the court."

**3.** The dissents in *DelCostello* reinforce this conclusion and employ it as a basis for criticism that the Supreme Court was therefore unfaithful to its earlier rule. 462 U.S. at 172–73, 174–75, 103 S.Ct. at 2294–95, 2296 (Stevens, J., dissenting) (O'Connor, J., dissenting separately). Perhaps so, but that rule itself was judge-made. *Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 703–05, 86 S.Ct. 1107, 1111–13, 16 L.Ed.2d 192 (1965).

ogous rule" might ordinarily suggest repair to state law there certainly is no evil in consulting as well the judgment of Congress in those rare instances where it has seen fit to express it. That, in our view, is just what the Supreme Court did and what its action may lack in juristic purity is more than offset by common sense.

One of the Supreme Court's principal objections voiced in *DelCostello* was the abbreviated period which had usually been allowed by applying state statutes of limitation governing vacation of arbitration awards. The Supreme Court first noted in *DelCostello* that "state arbitration statutes typically provide very short times in which to sue for vacation of arbitration awards." 462 U.S. at 166 & n. 15, 103 S.Ct. at 2291 & n. 15. The Court then stated that the short periods are adequate in cases of commercial arbitration where plaintiffs are usually represented by counsel or are at least experienced in commercial dealings. It also noted that in commercial arbitration cases, all issues have normally been raised in the arbitration itself. In contrast, in section 301 cases employees are often unsophisticated and unrepresented by counsel, and issues concerning the quality of the union's representation were very probably not raised or litigated in the grievance procedure. The Supreme Court concluded that because of these differences, the state limitations periods for vacation of arbitration awards "fail to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights under § 301 and the fair representation doctrine." *Id.* at 166, 103 S.Ct. at 2292 (footnote omitted). The Supreme Court was clearly concerned about the adequacy of the length of the limitations period established for hybrid suits.

Applying the *Howard* rule to hybrid suits would substantially limit the amount of time available to a hybrid plaintiff before bringing suit. Suit would have to be filed substantially before the six-month period expired to insure service within the period. *Thomsen,* 608 F.Supp. at 1246. Moreover, the *Howard* rule would deny section 301 plaintiffs the benefit of the 120 days grace period Fed.R.Civ.P. 4(j) allows other federal court plaintiffs between filing and serving the complaint. *LaTondress,* 102 F.R.D. at 297. As we have observed earlier, entirely apart from the time factor in itself, we believe a policy of uniformity in the application of the Federal Rules of Civil Procedure clearly favors the application of Rule 4 here as in other civil cases brought in the district court.

Courts critical of the *Howard* rule have also noted that the tolling provision of section 10(b) was designed for administrative proceedings and is inappropriate in the federal judicial context. *See Thomsen,* 608 F.Supp. at 1245. Indeed, it has long been recognized that Congress created the administrative courts system with quite different concerns from those which necessarily governed Article III courts. *See Federal Communications Commission v. Pottsville Broadcasting Co.,* 309 U.S. 134, 142–44, 60 S.Ct. 437, 441–42, 84 L.Ed. 656 (1940); *see also N.L.R.B. v. Donnelly Garment Co.,* 330 U.S. 219, 227, 67 S.Ct. 756, 761, 91 L.Ed. 854 (1947). The service requirement of section 10(b) is necessary in NLRB proceedings because without it there would be no rule at all. In the federal courts, however, Fed.R.Civ.P. 4(a) orders the clerk of court to "forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint," and Fed.R.Civ.P. 4(j) requires such service to be made within 120 days. Thus, the service requirement of section 10(b) would fulfill no purpose in the federal courts but to confuse.

Finally, in a similar situation involving section 1983 suits, courts have uniformly rejected the principle that a statute of limitations tolling provision automatically follows a statute of limitations borrowed for a federal cause of action. *See Thomsen,* 608

F.Supp. at 1245–46. Because "the Reconstruction Civil Rights Acts do not contain the specific statute of limitations governing § 1983 actions," the courts must borrow an analogous state statute of limitations for section 1983 suits. *Wilson v. Garcia,* ——U.S. ——, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985).[4] Some states' rules, unlike the federal rules, provide that service of process rather than the filing of the complaint tolls the statute of limitations, but when federal courts have borrowed state statutes of limitations in section 1983 actions, they have *not* also "borrowed" those states' rules concerning when a suit is commenced for statute of limitations purposes:

> While state law controls the time within which an action must be begun, the manner in which an action is commenced and when it is deemed to have begun, are governed by the law of the forum. These matters are procedural and not substantive.

*Mohler v. Miller,* 235 F.2d 153, 155 (6th Cir.1956). Therefore, even if a state statute of limitations is borrowed and that state's rules also provide that service, not filing, tolls the statute of limitations, "[t]he prevailing rule among the federal courts of appeals is that Rule 3 [of the Federal Rules of Civil Procedure] governs the time of commencement of the action in cases where a federal matter or cause of action is involved." *Wells v. City of Portland,* 102 F.R.D. 796, 800 (D.Or.1984); *see also Jackson v. Duke,* 259 F.2d 3, 6 (5th Cir.1958); *Bomar v. Keyes,* 162 F.2d 136, 140 (2d Cir.), *cert. denied,* 332 U.S. 825, 68 S.Ct. 266, 92 L.Ed. 416 (1947); *Cohn v. Board of*

*Ed. of East Ramapo Cent. School,* 536 F.Supp. 486, 493–95 (S.D.N.Y.1982); *Gutierrez v. Verigari,* 499 F.Supp. 1040, 1049 n. 7 (S.D.N.Y.1980); *Davis v. Krauss,* 478 F.Supp. 823, 825 (E.D.N.Y.1979); *Triplett v. Azordegan,* 478 F.Supp. 872, 878 (N.D. Iowa 1977), *aff'd,* 570 F.2d 819 (8th Cir. 1978).

Like a section 1983 claim, a hybrid section 301/fair representation claim remains a federal cause of action for which a limitations period is borrowed. These cases concerning section 1983 demonstrate that a statute of limitations is borrowed for a federal cause of action without also borrowing the rules concerning when the statute begins to run.[5]

In conclusion, we decline to follow the position taken by the Eleventh Circuit in *Howard* and hold instead that the complaint was timely filed here and that service of it, within the time prescribed by Fed.R.Civ.P. 4(j), would also be timely. Accordingly, this case is REVERSED and REMANDED for further proceedings consistent with this opinion.

---

**4.** In *Wilson v. Garcia,* the Supreme Court recently held that each state's limitations period for suits alleging personal injury should be applied in all section 1983 actions.

**5.** In diversity cases, it is true, federal courts must follow state law in determining when an action is commenced for the purpose of tolling the state statute of limitations. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Ragan v. Merchants Transfer Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). However, the Supreme Court has stated that these diversity decisions may be distinguished from cases involving a federal cause of action. In *Walker,* the Court expressly noted that their opinion did not "address the role of [Fed.R.Civ.P.] 3 as a tolling provision for a statute of limitations, whether set by federal law or borrowed by state law, if the cause of action is based on federal law." *Walker,* 446 U.S. at 751 n. 11, 100 S.Ct. at 1985 n. 11. Policies favoring close adherence to state law in diversity cases, of course, are largely absent when the legal action itself is essentially based upon federal substantive law.