**Jack THOMSEN, Appellee,**

v.

**UNITED PARCEL SERVICE, INC., LOCAL 710, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Appellant,**

**No. 85–1830.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1986.

Decided May 30, 1986.

Marvin Gittler, Chicago, Ill., for appellant.

Paul Alan Levy, Washington, D.C., for appellee.

Before HEANEY and BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.

HEANEY, Circuit Judge.

Local 710, International Brotherhood of Teamsters (Union) appeals from a district court order 608 F.Supp. 1244, denying its motion for summary judgment.

## I. BACKGROUND

On December 16, 1983, United Parcel Service (UPS) discharged Jack Thomsen. On January 19, 1984, Thomsen filed a grievance protesting his discharge with a joint Union/UPS committee, which, after a hearing, upheld the discharge. Thomsen filed a complaint in district court on June 18, 1984, claiming that UPS had discharged him in violation of the collective bargaining agreement and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that the Union had breached its

duty of fair representation in the ensuing grievance proceedings in violation of the National Labor Relations Act.

The Union sought dismissal of the action on the ground that it was barred under section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b),[1] which requires that a fair representation action be filed and served within six months of the accrual of the cause of action. Although Thomsen had filed his action within the six-month limit, he had not effectively served the defendants until August 1, 1984, after six months had elapsed.[2] On May 15, 1985, the district court denied the Union's motion, finding that the six-month statute of limitations had been tolled at the time of filing, and that the action was therefore timely. It then certified the matter to this Court pursuant to 28 U.S.C. § 1292(b).

## II. DISCUSSION

Although there is no statute of limitations expressly applicable to hybrid section 301/fair representation cases, in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court found that section 10(b) of the National Labor Relations Act was "designed to accommodate a balance of interests very similar to that at stake here," *id.* at 169, 103 S.Ct. at 2293, and "borrowed" section 10(b)'s statute of limitations for the hybrid actions. The question remains, however, whether section 10(b)'s six-month service requirement is also applicable to the hybrid cases.

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. 29 U.S.C. § 160(b) provides in pertinent part: Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board * * * shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board * * *, not less than five days after the serving of said complaint: *Provided*, That no complaint shall issue based

upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made * * *.

2. Thomsen, proceeding pro se, failed in his initial attempts to serve UPS and the Union. The *defendants* apparently were able to quash the summonses on the bases of improper delivery, delivery to persons unable to accept service, the naming of the wrong Union official, and omission of certain information. Thomsen then obtained counsel, who properly served defendants.

We recognize that this issue has produced a split among several of the Circuits of the United States Courts of Appeals. The district court found that, in a hybrid section 301/fair representation complaint, the six-month statute of limitations is tolled by the filing of the complaint, and the plaintiff need not effect service within six months of the accrual of the cause of action. Subsequent to the district court's decision, the Sixth Circuit adopted the same approach,[3] also finding it consistent with *DelCostello*. *See Macon v. ITT Continental Baking Co.*, 779 F.2d 1166 (6th Cir.1985). Although there is also support for the Union's argument that, under *DelCostello*, the limitations period in these hybrid actions is not tolled until the complaint has been both filed and served, *see Gallon v. Levin Metals Corp.*, 779 F.2d 1439 (9th Cir.1986); *West v. Conrail, a Foreign Corp.*, 780 F.2d 361 (3d Cir.1985); *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612 (11th Cir.1984), we are persuaded that the resolution of this issue by the district court is more consistent with the policies of federal labor law and the practicalities of this type of litigation.

The *DelCostello* Court focused on the fact that section 10(b) established a "6-month period for making charges of unfair labor practices to the NLRB," *see id.*, and did not address the service question. There was, however, no need for it to do so. The Court made it very clear that it was borrowing the limitations period from section 10(b) to fill a gap in federal law. There is no gap in federal law in regard to service requirements. As the district court stated, "[i]n federal suits to enforce federal rights, the general rule is that limitation periods are tolled by the filing of a complaint. *See* Fed.R.Civ.P. 3." In *Moore Co. v. Sid Richardson Carbon & Gasoline Co.*, 347 F.2d 921 (8th Cir.1965), *cert. denied*, 383 U.S. 925, 86 S.Ct. 927, 15 L.Ed.2d 845, *reh'g denied*, 384 U.S. 914, 86 S.Ct. 1335, 16 L.Ed.2d 367 (1966), this Court held that

> in a case such as this, based upon federal law and controlled by federal statute of limitation, * * * the commencement of the action in and of itself is sufficient to toll the statute. Federal Rule of Civil Procedure 3 reads: "A civil action is commenced by filing a complaint with the court." Such rule in our view unmistakedly states in plain, clear, well-understood and unambiguous language that an action is commenced by filing the complaint. The rule sets forth no additional requirements or conditions. The history of the promulgation of the rule is set out by Judge Medina in *Messenger v. United States* [231 F.2d 328 (2nd Cir.)]. As there shown, suggestions were made that the action abate if jurisdiction by service of process was not obtained within sixty days. Judge Medina in viewing the history of the rule, states:
>
> "In the end, however, no time was specified for the service of process, the Advisory Committee noting that the motion sanctioned by Rule 41(b) provided 'a method available to attack unreasonable delay in prosecuting an action after it has been commenced.' See Report of the Advisory Committee Containing Proposed Rules of Civil Procedure, p. 4 (April, 1937)."
>
> It appears to us that Rule 41(b) provides adequate protection against unreasonable delay in serving process or in prosecuting the suit.

*Moore Co.*, 347 F.2d at 922–23 (citations omitted).

The Sixth Circuit emphasized that

> [t]he tolling provision of section 10(b) was designed for administrative proceedings and is inappropriate in the federal

---

**3.** This approach is similar to that taken by federal courts in section 1983 actions, where limitation periods are borrowed from state statutes. *Macon v. ITT Continental Baking Co.*, 779 F.2d 1166, 1171–72 (6th Cir.1985).

While state law controls the time within which an action must be begun, the manner in which an action is commenced and when it is deemed to have begun, are governed by the law of the forum. These matters are procedural and not substantive.

*Id.* at 1172 (quoting *Mohler v. Miller*, 235 F.2d 153, 155 (6th Cir.1956)).

judicial context. Indeed, it has long been recognized that Congress created the administrative courts system with quite different concerns from those which necessarily governed Article III courts. The service requirement of section 10(b) is necessary in NLRB proceedings because without it there would be no rule at all. In the federal courts, however, Fed.R. Civ.P. 4(a) orders the clerk of court to "forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint," and Fed.R.Civ.P. 4(j) requires such service to be made within 120 days.

*Macon,* 779 F.2d at 1171 (citations omitted).

Besides being totally unnecessary, the use of section 10(b)'s service requirement in the federal courts would cause confusion. *Id.* In fact, the Advisory Committee on Rules intended Rule 4(a) to avoid just such interpretation questions as have arisen here.

> When a federal or state statute of limitations is pleaded as a defense, a question may arise under this rule whether the mere filing of the complaint stops the running of the statute, or whether any further step is required, such as, service of the summons and complaint or their delivery to the marshal for service. The answer to this question may depend on whether it is competent for the Supreme Court, exercising the power to make rules of procedure without affecting substantive rights, to vary the operation of statutes of limitations. The requirements of Rule 4(a) that the clerk shall forthwith issue the summons and deliver it to the marshal for service will reduce the chances of such a question arising.

Fed.R.Civ.P. 4(a) advisory committee note.

The desirability of uniformity in the application of the Federal Rules of Civil Procedure provides a persuasive argument for rejecting the application of section 10(b)'s service requirement in these judicial actions.

Although there was no need for the *Del-Costello* Court to consider the service question, we are convinced that, had it done so, it would have rejected the requirement. One of the Court's main concerns had been that the plaintiff be provided "with a satisfactory opportunity to vindicate his rights under § 301 and the fair representation doctrine." *See DelCostello,* 462 U.S. at 166, 103 S.Ct. at 2291. It emphasized that

> [i]n the labor setting, * * * the employee will often be unsophisticated in collective-bargaining matters, and he will almost always be represented solely by the union. He is called upon, within the limitations period, to evaluate the adequacy of the union's representation, to retain counsel, to investigate substantial matters that were not at issue in the arbitration proceeding, and to frame his suit.

*Id.,* at 165–66, 103 S.Ct. at 2291.

According to the Federal Rules of Civil Procedure, service is considered "prompt" if made within 120 days of the filing of the complaint. Simple arithmetic demonstrates that, in order to have a reasonable amount of time to make prompt service and still meet the six-month (approximately 180 days) service requirement, the plaintiff would have to file the complaint within sixty days of the accrual of the cause of action. The Supreme Court could not have intended this result, as, in *DelCostello,* it determined that a ninety-day filing requirement did not provide plaintiffs with sufficient opportunity to vindicate their rights. *See DelCostello,* 462 U.S. at 166, 103 S.Ct. at 2291. The Supreme Court would not have "borrowed" a service requirement which would have denied the Rule 4(j) 120-day grace period to those very plaintiffs it sought to protect from harsh filing deadlines.

Accordingly, we affirm the order of the district court.

HANSON, Senior District Judge, dissenting.

Although the majority opinion arrives at an eminently sensible analysis of the application of section 10(b)'s service require-

ment, I do not believe that *DelCostello* leaves us room to so speculate. It is apparent to me that the Supreme Court recognized the unambiguous requirement in section 10(b) that filing *and* service be accomplished within six months of the accrual of the action by its specific reference to this language in the statute. *DelCostello v. Teamsters,* 462 U.S. 151, 154 n. 2, 103 S.Ct. 2281, 2285 n. 2, 76 L.Ed.2d 476 (1983). To construe otherwise places this Court in the untenable position of legislating what is the appropriate policy in this area.

I must therefore respectfully dissent in this case and in *Ramon Elisalde v. International Association of Machinists, et al.,* 792 F.2d 114 (8th Cir.1986).