**Ramon ELISALDE, Appellant,**

**v.**

**INTERNATIONAL ASSOCIATION OF MACHINISTS, DISTRICT LODGE NO. 142, a Labor Organization and Trans World Airlines, Inc., a Delaware Corporation, Appellees.**

**No. 85–2025.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1986.

Decided May 30, 1986.

Jerome J. Duff, St. Louis, Mo., for appellant.

Michael D. Gordon, Kansas City, Mo., for appellees.

Before HEANEY and BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

HEANEY, Circuit Judge.

Ramon Elisalde appeals from a district court order granting the International Association of Machinists, District Lodge No. 142's (Union) motion to dismiss for untimeliness.

Trans World Airlines, Inc. (TWA) discharged Elisalde from his position as ramp tender on February 9, 1984. Although the Union initiated grievance proceedings on his behalf, on June 20, 1980, it informed him that it would not continue to arbitrate his grievance. Elisalde filed an action in district court on December 18, 1984, claiming that TWA had breached the collective bargaining agreement in violation of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that the Union had breached its duty of fair representation in violation of the National Labor Relations Act. Elisalde attempted to serve TWA and the Union by mail pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii) on December 20, 1984. TWA did not acknowledge receipt of the summons until January 4, 1985. The Union refused to acknowledge service, forcing Elisalde to initiate personal service, which was not effected until February 28, 1985. On the Union's motion, the district court dismissed Elisalde's complaint, stating that since service was not effected on TWA or the Union within six months of the accrual of the cause of action, section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), barred the action as untimely.

Although the Supreme Court, in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), borrowed section 10(b)'s six-month statute of limitations for hybrid section 301/fair representation actions, the limitations period is tolled by the filing of the complaint. *Thomsen v. United Parcel Service, Inc., Local 710, International Brotherhood of Teamsters*, 792 F.2d 115, (8th Cir.1986). Since Elisalde filed his complaint within the six-month limitations period, his complaint was timely. Accordingly, we reverse the district court's order and remand for a consideration on the merits.

HANSON, Senior District Judge, dissenting.

For the reasons I stated in *Thomsen*, I must dissent in this case as well.