Daniel W. PATRICK

v.

INTERNATIONAL BROTHERHOOD
OF BOILERMAKERS, et al.

Civ. A. No. B–84–579–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

June 23, 1986.

Harris D. Butler, III, Houston, Tex., for plaintiff.

Lipscomb Norvell, Jr., Benckenstein, Oxford, Bernsen & Nathan, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiff Daniel W. Patrick initiated this action against defendants International Brotherhood of Boilermakers, Ironship Builders, Local Number 587, AFL–CIO, Beaumont Metal Trades Council Corporation, and Bethlehem Steel Corporation under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 *et seq.* This hybrid action is based on his employer's alleged violation of the collective bargaining agreement and his union's alleged breach of its duty of fair representation. For the reasons explained herein, the defendants' motions for summary judgment are granted.

The facts relevant to the pending motions are largely undisputed. Plaintiff was terminated by defendant Bethlehem Steel on December 16, 1983. Plaintiff filed a grievance with defendant Union, but was informed by the Union on December 20, 1983, that his grievance would not be processed. Plaintiff filed this action on June 13, 1984. The Clerk of this Court issued a summons for service of process on June 25, 1984. The Clerk delivered the summons to an appointed process server on June 26, 1984. Federal service of process by mail

was sent out and postmarked July 2, 1984. Delivery to the defendants occurred shortly thereafter.

Defendant Bethlehem filed a motion for summary judgment after being brought into this action. The basis of the motion was that plaintiff did not file his action and obtain service against it within the six-month statute of limitations contained in Section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). Defendant Union filed its own motion for summary judgment on the same basis. Plaintiff contends it is not necessary that service be obtained within six months. Rather, plaintiff contends, the action need only be filed within six months with the service of process to be governed by the 120 days set out in Rule 4(j) of the *Federal Rules of Civil Procedure*. Alternatively, plaintiff invokes the doctrine of equitable tolling of the statute of limitation to save his action. Though the result seems harsh, this court feels bound to grant both defendants' motions for summary judgment.

There is no question that Section 10(b) of the NRLA sets a six-month statute of limitations for actions to be filed. This requirement is borrowed in hybrid actions brought under Section 301 of the LMRA. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The issue squarely before this court which *DelCostello* did not directly address is whether the requirement of service within the six-month period set out in Section 10(b) of the NRLA is also borrowed in a Section 301 hybrid action. The weight of authority indicates that service must also be obtained within the six-month period or the action will be time barred.

Though the Court of Appeals for the 5th Circuit has not yet addressed this issue, four other circuits have dealt with the same issue, and decided the point adverse to plaintiff's position. Our sister circuit, the 11th, was apparently the first to decide the question and has rendered more decisions on the issue than the other circuits. Though the 11th Circuit decisions are not binding precedent on this court, they are to be given great weight in light of the common judicial heritage which the 5th and 11th Circuits share. The 11th Circuit has consistently held that for the purposes of Section 301, service must be obtained within the six-month period set out in *DelCostello*. *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612 (11th Cir.1984); *Simon v. Kroger Company*, 743 F.2d 1544 (11th Cir. 1984), *reh'g denied*, 749 F.2d 733 (1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2155, 85 L.Ed.2d 511 (1985).

Two other circuits have followed the lead of the 11th. In *West v. Conrail*, 780 F.2d 361 (3rd Cir.1985), the 3rd Circuit held that the goals of Congress required both the filing and service of process within six months of the accrual of the action. The 9th Circuit so held in *Gallon v. Levin Metals Corporation v. United Airlines*, 779 F.2d 1439 (1986).

Though district courts are less uniform in their decisions, the clear majority of circuits which have decided the issue require both filing and service of process within six months. Thus far, only the 6th Circuit has balked at this approach. In *Macon v. ITT Continental Baking Company*, 779 F.2d 1166, 121 L.R.R.M. 2186 (6th Cir.1985), the 6th Circuit held that only the filing of the suit need be within the six-month period. Service of process was to be governed by Federal Rule 4(j).

The 11th Circuit's approach has a legal and logical appeal. The 9th Circuit found that the Supreme Court seemingly adopted Section 10(b) *in toto*, including the service requirement. *Gallon* at 1441. *See also, DelCostello*, 452 U.S. at 163, 103 S.Ct. at 2289. Further, the Supreme Court has indicated a desire to achieve uniformity among procedures to be followed in similar claims, specifically unfair labor practices and breaches of fair representation. *DelCostello* at 171, 103 S.Ct. at 2294. Moreover, the balance of interests which Congress weighed in creating Section 10(b) of the N.R.L.A. is very similar to that in a Section 301 hybrid action. *Id.* at 169, 103 S.Ct. at 2293. Section 10(b) reflects Con-

gress' determination as to what constitutes the proper balance between the national interests in stable bargaining relationships and the finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective bargaining system. This is precisely one of the balances at issue in a Section 301 hybrid action. *Id.* at 171, 103 S.Ct. at 2294, citing *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (Stewart, J. concurring). These considerations persuade this court to adopt the six-month service requirement. *Gallon,* at 1441, *West,* at 363.

Plaintiff has raised serious objections as to the appropriateness of the six-month limitation for filing and service in a Section 301 context. However, the Supreme Court, though aware of these arguments, expressly refused to review the 11th Circuit's holding in *Simon.* In denying certiorari, the Court weighed the dissenting opinions of three Justices who raised arguments similar to those asserted by the plaintiff. It is apparent that the Court has given serious consideration to the position assumed by the plaintiff. It is equally apparent that the Court was not convinced that the holding in *Simon* and its progeny was wrong.

██ Finally, this court does not believe that the doctrine of equitable tolling of the statute of limitations is appropriate in the circumstances of this case. Plaintiff cites no case which holds that such a doctrine should be applied in the matter before the court. Though plaintiff discusses various hardships that are created by the 11th Circuit's approach, he has presented no evidence that such hardships were placed upon him through no fault of his own. Additionally, Section 10(b) of the NRLA, as incorporated into Section 301 of the LMRA, sets out the statutory requirements for tolling of the limitations period. Plaintiff cannot escape the plain meaning of the statute through a blanket application of an equitable doctrine which has not been shown to be specifically justified. If this court allowed the universal application of an equitable tolling doctrine, it would un-

dermine the very policies which justify the application of the adopted statute of limitations. Maintaining uniformity in the processing of similar types of claims in conformity to Congress' balance of interests is the correct action for this court to follow, especially in the light of the cases previously decided. The very reasons which justify application of Section 10(b) *in toto* negate the application of a blanket equitable doctrine of tolling the statute of limitations.

This court feels compelled to follow the line of decisions under the 11th Circuit holdings and two other circuits which have reached similar results. Plaintiff's cause of action accrued on December 20, 1983, when he received notification that his grievance would not be processed. The six-month statute of limitations borrowed from Section 10(b) of the NRLA required that the complaint be filed and service of process be obtained by June 20, 1984. Service was not obtained until July 2, 1984, at the earliest. Therefore, plaintiff's cause of action is time barred. Accordingly, defendants' motions for summary judgment are GRANTED, and this cause is DISMISSED.