**Johnny SWIFT, Plaintiff,**

v.

**FORD MOTOR COMPANY, a Delaware Corporation, Defendant.**

Civ. No. 86–CV–70614–DT.

United States District Court,
E.D. Michigan, S.D.

June 11, 1986.

Taras P. Jarema, Dennis J. Simon & Associates, P.C., Southfield, Mich., for plaintiff.

Michael J. O'Reilly, Dearborn, Mich., for defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

This is a wrongful discharge case grounded on the breach of an implied contract of employment and of a collective bargaining agreement. The complaint was initially filed in the Wayne County Circuit Court and removed to this court, 28 U.S.C. § 1441 and § 301(a) of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185(a). The complaint alleges in part:

6. That the contract of employment between Plaintiff and Defendant is, in part, evidenced by Defendant's employee handbook, by Defendant's pattern and practice of employee relations, by oral assurances of Defendant's agents, and by written contract executed between Defendant and the United Automobile Workers.

7. That the aforesaid contract could only be terminated for just cause.

.  .  .  .  .

14. That Defendant had no just cause for terminating Plaintiff's employment.

The collective bargaining agreement between defendant and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) dated February 13, 1982, which governed plaintiff's employment, provides in Article IV, Section 3:

The Company retains the sole right to discipline and discharge employees for cause....

Plaintiff was discharged February 1, 1983. The discharge was grieved. The grievance was subsequently withdrawn in August,

1983 and plaintiff did not appeal the withdrawal. Suit was filed January 23, 1986.

Plaintiff obviously has no case. The complaint and plaintiff's opposition to defendant's motion for summary judgment implicate Federal Rule of Civil Procedure 11.

■ There can be no implied contract of employment, *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980) where there is a written contract as alleged here, *id.* at 612 n. 24, 292 N.W.2d 880; *Summers v. Sears*, 549 F.Supp. 1157, 1161 (E.D.Mich.1982).

■ More importantly, federal labor law preempts any state claim of wrongful discharge where a collective bargaining agreement is involved. In *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), the Supreme Court said: "[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action for '*violation of contracts* between an employer and a labor organization.'" *Id.*, 463 U.S. at 23, 103 S.Ct. at 2853, 77 L.Ed.2d at 439, citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968). In *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the Supreme Court said "that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim ... or dismissed as pre-empted by federal labor-contract law." *Id.*, at ——, 105 S.Ct. at 1915, 85 L.Ed.2d at 221, citing *Avco, supra*.

In *Avco Corp. v. Aero Lodge No. 735*, 376 F.2d 337 (6th Cir.1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the Court of Appeals for this circuit said:

We cannot accept the basic premise of Avco's argument that its action is based solely upon a State created right. Section 301 of the Labor Management Relations Act, 29 U.S.C., Section 185, confers jurisdiction upon the District Court ... to enforce collective bargaining agreements.... State law does not exist as an independent source of private rights to enforce collective barganing contracts.... The force of Federal preemption in this area of labor law cannot be avoided by failing to mention Section 301 in the complaint.

*Id.* at 339–40.

The facts here are similar to those in *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir.1980). There, the court said:

Although he had not mentioned LMRA § 301 in the complaint, and stylized his causes of action in common law terms, ... [i]t is apparent from the allegations in his complaint ... that Fristoe was alleging that Reynolds wrongfully discharged him in breach of the collective bargaining agreement.... Mere omission of reference to LMRA § 301 in the complaint does not preclude federal subject matter jurisdiction. The court's recharacterization of Fristoe's complaint as one arising under § 301 is required by federal preemption doctrines.

*Id.* at 1212, citing *Avco, supra*, 376 F.2d at 339–40. *See also Harper v. San Diego Transit Corp.*, 764 F.2d 663, 667–69 (9th Cir.1985); *Vantine v. Elkhart Brass Mfg. Co., Inc.*, 762 F.2d 511, 517–18 (7th Cir. 1985); *Kolar v. Dobbs, Inc.*, No. 85–74707, slip op. (E.D.Mich. Jan. 17, 1986) [Available on WESTLAW, DCTU database] (Suhrheinrich, J.); *Costello v. United Parcel Service*, 617 F.Supp. 123 (E.D.Pa.1984).

Alternatively, plaintiff's claim could be refashioned as a § 301 claim. *Fristoe, supra*. If plaintiff's claim is refashioned as an LMRA § 301 claim, however, plaintiff fairs no better. Plaintiff's failure to allege a breach of the UAW's duty of fair representation because of its withdrawal of his grievance also subjects the complaint to dismissal. It is a fundamental principle of labor law that a § 301 claim against an employer must first succeed as a duty of fair representation claim against the union or be brought in the same case. *See Del-Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163–64, 103 S.Ct.

2281, 2289–90, 76 L.Ed.2d 476 (1983); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Sears v. Automobile Carriers, Inc.,* 526 F.Supp. 1143, 1148 (E.D.Mich.1981), *aff'd without opinion,* 711 F.2d 1059 (6th Cir.1983); *Kolar, supra,* slip op. at 2–3.

There are additional deficiencies in plaintiff's case. It was filed out-of-time; *Del-Costello, supra,* imposes a six month statute of limitations. Also, there is no allegation that plaintiff exhausted his internal remedies. *Clayton v. International Union, United Automobile Workers,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981).

This case is DISMISSED.

SO ORDERED.