635 F.Supp. 1472 (1986)
Larry HARRIS, Plaintiff,
v.
FORD MOTOR COMPANY, et al., Defendants.
No. 85-512C(1).
United States District Court, E.D. Missouri, E.D.
June 19, 1986.
Christi Fingal, Peter J. Wunderlich, St. Louis, Mo., for plaintiff.
Morris J. Levin, Sheldon Weinhaus, Levin & Weinhaus, St. Louis, Mo., for United Auto Workers Union Local 325.
Harold A. Whitfield, Alif A. Williams, St. Louis, Mo., for Ford Motor Co. and U.A.W. Retirement Bd. of Admin.

ORDER AND MEMORANDUM
NANGLE, Chief Judge.
IT IS HEREBY ORDERED that the motions of defendants to dismiss Counts I and *1473 II of plaintiff's second amended complaint be and are granted.
Plaintiff, a former employee of Ford Motor Company (Ford), filed this action against defendants Ford, United Auto Workers (U.A.W.) Local 325 and the Ford Motor Company-U.A.W. Retirement Board of Administration (Pension Board). Plaintiff alleges, inter alia, breach of the collective bargaining agreement (Count I), breach of the duty of adequate representation (Count II) and wrongful denial of pension benefits (Counts III and IV). Defendants filed motions to dismiss on the basis that plaintiff's claims are barred by the applicable statute of limitations. For the reason stated herein, the Court will grant defendants' motions as to Counts I and II of plaintiff's complaint.
Plaintiff was terminated by Ford on February 21, 1980. This lawsuit was filed on February 19, 1985. In a prior order, the Court held that Counts I and II of plaintiff's petition alleged a hybrid § 301/fair representation claim against Ford and the U.A.W. The Court further held that these counts were controlled by the six-month statute of limitations, as applied by the Supreme Court in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In an effort to avoid the statute of limitations bar, plaintiff has alleged that he has suffered from mental incapacity within the meaning of Missouri's tolling statute. Mo. Ann.Stat. § 516.170 (Vernon Supp.1986). In response, defendants argue that the state tolling provisions are inapplicable to this case. The Court agrees with defendants' argument.
In DelCostello, the Supreme Court held that the six-month statute of limitations for making charges of unfair labor practices to the National Labor Relations Board, contained in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), also applied to hybrid § 301/fair representation claims. 462 U.S. at 155, 103 S.Ct. at 2285. The issue presented by plaintiff's complaint is whether this six-month limitation period is tolled by plaintiff's allegation of mental incapacity.[1] The Court finds that it is not.
Questions of when a federal cause of action accrues and whether it is tolled by subsequent conduct are federal questions to be determined by federal law. DelCostello v. International Brotherhood of Teamsters, 588 F.Supp. 902, 907 (D.Md. 1984). The general rule is that federal law does not provide for tolling of limitations periods for reason of mental incompetence. "Insanity does not prevent a federal statute of limitations from running." Accardi v. United States, 435 F.2d 1239, 1241 n. 2 (3d Cir.1970); O'Hara v. Kovens, 473 F.Supp. 1161, 1167 (D.Md.1979), aff'd, 625 F.2d 15 (4th Cir.1980), cert denied, 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981).
The Court is aware that the majority of the cases reporting the rule that mental incompetence does not toll federal statutes of limitations involve claims against the United States. See e.g., Casias v. United States, 532 F.2d 1339, 1342 (10th Cir.1976) ("Insanity, such as constitutes a legal disability in most states does not toll the statute of limitations under the Federal Tort Claims Act"). But see Zeidler v. United States, 601 F.2d 527, 531 (10th Cir.1979) (The insanity rule in Casias was not applicable to a medical malpractice case where it was the injury alleged to be malpractice itself which produced the brain injury or deficiency). In O'Hara v. Kovens, supra, however, a district court held that in a securities fraud action between private parties, mental incompetence does not toll the statute of limitations in Rule 10(b)-5 actions. *1474 473 F.Supp. at 1167. The court refused to distinguish cases between private parties and those against the government with respect to tolling the federal statute of limitations. Id.
In Bassett v. Sterling Drug, Inc., 578 F.Supp. 1244, 1248 (S.D.Ohio 1984), the court found that under appropriate circumstances mental incapacity would toll the filing period for a charge under the Age Discrimination and Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq. The district court based its decision primarily on the remedial and humanitarian purposes behind the enactment of the ADEA.[2] While recognizing that similar arguments can be made with respect to this case, the Court is also aware of the reasons for the adoption of a uniform six-month statute of limitations by the Supreme Court in DelCostello. Principally, the Court sought to encourage rapid and final resolution of labor disputes. Six months was viewed as a "`proper balance between the national interests in stable bargaining relationships and finality of private settlements and an employee's interest in setting aside what he views as an unjust settlement under the collective bargaining system'." DelCostello, 103 S.Ct. at 2294 (quoting United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981)).
In response, plaintiff has not cited this Court to any authority to support his position. Instead, plaintiff attempts to analogize this case to suits arising under § 1983. This argument is flawed. Under § 1983, federal courts borrow state statutes of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Supreme Court has stated that borrowing state statute of limitations included the rules of tolling unless the rules are inconsistent with federal law. Board of Regents v. Tomanio, 446 U.S. 478, 485-86, 100 S.Ct. 1790, 1795-96, 64 L.Ed.2d 440 (1980); Bailey v. Faulkner, 765 F.2d 102, 104 (7th Cir.1985). See also Wilson, 105 S.Ct. at 1943 and n. 17. In DelCostello, the Supreme Court determined that courts would no longer borrow state limitation periods for hybrid § 301/fair representation suits. It follows that federal law, not state law, should govern questions of tolling. This Court finds that application of either the Missouri tolling statute or federal equitable tolling principles in this case would be inconsistent with the policies upon which the DelCostello decision is based. Plaintiff was terminated by Ford five years prior to the filing of his complaint. Having found no authority or policy considerations justifying the tolling of the six-month statute of limitations for a period of four and one-half years on the basis of plaintiff's alleged incapacity, the Court finds that Counts I and II of plaintiff's complaint are untimely and must be dismissed.
The parties have not briefed the statute of limitations question with respect to plaintiff's claim against the U.A.W. and the Pension Board (Counts III and IV) for wrongful denial of benefits. It is possible that a different limitations period is controlling because of the different policies applicable in the resolution of pension disputes. See generally Schneider Moving and Storage Co. v. Robbins, 466 U.S. 364, 104 S.Ct. 1844, 80 L.Ed.2d 366 (1984); Adams v. Gould, 739 F.2d 858 (3d Cir.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 806, 83 L.Ed.2d 799 (1985). The parties are directed to raise their arguments on this issue in an appropriate motion.
NOTES
[1] Plaintiff urges the Court to apply Missouri's tolling provision, § 516.170, to prevent the running of the statute of limitations. The Court also has the power under principles of equity to toll statutes of limitations "under certain circumstances not inconsistent with the legislative purposes." American Pipe & Construction Co. v. Utah, 414 U.S. 538, 558-59, 94 S.Ct. 756, 768-69, 38 L.Ed.2d 713 (1974). For example, the doctrine of fraud concealment is read into every federal statute of limitations. Holmberg v. Armbrecht, 327 U.S. 392, 396-97, 66 S.Ct. 582, 584-85, 90 L.Ed 743 (1946); Shapiro v. Cook, 762 F.2d 49 (6th Cir.1985). The Court will consider both sources of authority in this case.
[2] The appeal from the district court's opinion in Bassett was dismissed prior to a decision by the Sixth Circuit. 770 F.2d 165 (6th Cir.1985).