Danny **DAVIS**, Plaintiff,

v.

**TEXPRINT (GA), INC.,
et al., Defendants.**

**No. 91–236–2–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Oct. 11, 1991.

Lonzy F. Edwards, Macon, Ga., for plaintiff.

John W. Collier, Macon, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Plaintiff, Danny Davis ("plaintiff"), filed this action in the Superior Court of Bibb County, Georgia on June 24, 1991, alleging that he was wrongfully discharged from his job by his employer, Texprint, Inc. ("Texprint") and its executive vice president, Terry Harris ("Harris"), the two defendants in this action. Count two of plaintiff's complaint further alleges that plaintiff was defamed by Harris.[1]

On July 24, 1991, defendants removed the action to this court pursuant to 28 U.S.C. § 1441.[2] Defendants argue that this court has original jurisdiction over plaintiff's wrongful discharge claim because it arises under federal law.[3] Before the court is plaintiff's motion to remand the action to state court based on lack of subject matter jurisdiction. This court must determine whether the Labor Management Relations Act ("LMRA") applies to plaintiff's claim and therefore allows it to be removed under 28 U.S.C. § 1441. After careful consideration of the briefs and memoranda submitted by counsel and the record as a whole, the court hereby issues the following order.

Plaintiff was discharged on June 25, 1990. At the time of his discharge, plaintiff was a member of the union's bargaining team which was negotiating a new collective bargaining agreement. The collective bargaining agreement between Texprint and the Amalgamated Clothing and Textile Workers Union Local No. 2437 was effective from July 29, 1987 to July 29, 1990. The collective bargaining agreement reserves to Texprint the right to discharge employees for just cause. It also contains procedures for grievance and arbitration of disputes regarding discharge. There is no evidence in the record before the court that plaintiff ever filed a grievance or requested arbitration pursuant to the terms of the collective bargaining agreement.

The gravamen of plaintiff's complaint is that he was dismissed without just cause. Plaintiff contends that his termination was pretextual and that Texprint fired him because of his role as a bargaining unit member. In support of his motion to remand, plaintiff claims that the complaint only alleges violations of state labor law. Plaintiff argues that not only was his discharge wrongful and retaliatory, but that defendants' actions violated Georgia's right to work laws and deprived him of his freedom of association.[4]

---

1. Plaintiff's defamation claim has been characterized as a pendent state claim and subject to this court's jurisdiction under 28 U.S.C. § 1441(c).

2. That section provides:
   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (1988).

3. 28 U.S.C. § 1441(b) provides that:
   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

4. The applicable section of the Georgia right to work law provides that "[n]o individual shall be required as a condition of employment or continuance of employment ... to refrain from membership in or affiliation with a labor organization." O.C.G.A. § 34–6–21 (1988).

In opposition, defendants argue that plaintiff's wrongful discharge claim is preempted by § 301 of the LMRA.[5] Specifically, defendants assert that a collective bargaining agreement exists in this instance and outlines the procedures plaintiff must follow in challenging a discharge that he considers to be wrongful. Because that agreement must be analyzed to resolve plaintiff's wrongful discharge claim, defendants argue that such a claim is preempted by federal law. As a result, federal question jurisdiction exists making removal proper.

 Section 301 of the LMRA preempts state law claims that are substantially dependent on the interpretation of a collective bargaining agreement. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206, 221 (1985). Specifically, "federal labor law preempts any state claim of wrongful discharge where a collective bargaining agree-

ment is involved." *Swift v. Ford Motor Co.*, 637 F.Supp. 125, 126 (E.D.Mich.1986). Therefore, when the provisions of a collective bargaining agreement must be construed to resolve a state law claim, federal law completely preempts such a claim.

In the instant case, the question of whether plaintiff's discharge was wrongful depends entirely on interpretation of the collective bargaining agreement. Accordingly, the court finds that § 301 of the LMRA preempts plaintiff's claim of wrongful discharge under state law. Consequently, plaintiff's motion to remand to state court is DENIED.

SO ORDERED.

---

**5.** 29 U.S.C. § 185(a) provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.