**Carolyn HOOD, Plaintiff,**

v.

**SWEETHEART CUP COMPANY, INC. and Fort Howard Corporation, Defendants.**

**No. CV 192–126.**

United States District Court, S.D. Georgia, Augusta Division.

March 12, 1993.

---

Leonard M. Tuggle, Jr., Martinez, GA, for plaintiff.

Daniel P. Murphy, Atlanta, GA, William A. Blue, Jr., Nashville, TN, for defendants.

## ORDER

BOWEN, District Judge.

After a careful review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Defendants' motion to dismiss is GRANTED.

SO ORDERED.

## REPORT AND RECOMMENDATION

DUNSMORE, United States Magistrate Judge.

Before the Court are plaintiff's motion to amend the complaint and defendants' motion to dismiss which should be addressed in conjunction. The Court held a hearing on these matters on December 17, 1992, and, thereafter, allowed additional briefing by both parties. At that time, the Court was also examining two additional motions by plaintiff to add General Teamsters Local Union No. 528 as a party defendant.[1] However, these motions were withdrawn after the hearing in a pleading filed on February 16, 1993. Defendants have moved to dismiss the complaint under 12(b)(6), arguing that plaintiff's state claims are preempted and that the § 301 claim is time-barred. While it is unclear whether plaintiff intended to withdraw her motion to amend the complaint, which was filed on July 9, 1992, the Court does not need to clarify this issue as it agrees with the defendant that the complaint should be dismissed whether or not plaintiff is allowed to amend her complaint. The complaint should be dismissed because all of plaintiff's claims are governed by federal law and are barred by § 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b).

### A. Preemption of State Law Claims

Plaintiff Hood filed a complaint in state court which was subsequently removed to this Court. The complaint charges wrongful discharge, discrimination on the basis of plaintiff's non-union status, and seeks to recover for breach of contract under the theory of promissory estoppel. Defendant argues that plaintiff's claims of wrongful discharge and promissory estoppel fall within § 301 of the Labor–Management Relations Act ("LMRA") which precludes application of state law to claims involving a collective bargaining agreement. To address this contention, the Court has examined United States

1. All three motions filed by plaintiff sought to add the General Teamsters Local Union No. 528 (hereinafter "Union") as a defendant, and bring suit against it for breach of its duty of fair representation. In July, 1992, the Court took under advisement the motion to amend the complaint and has not yet ruled on whether the amendments will be allowed, or even whether plaintiff needs leave of Court to file the amendments.

Supreme Court decisions on the preemptive effect of § 301.

Section 301 provides:

Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

■ The Supreme Court has interpreted § 301 to preempt application of state law in the area covered by § 301. *Textile Workers v. Lincoln Mills of Alabama*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). While state courts have concurrent jurisdiction over collective bargaining agreement disputes, they must apply federal law to such claims. Preemption of state law is required due to the need for uniformity in the interpretation of collective bargaining agreements. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

■ Several Supreme Court decisions have explained the preemptive reach of § 301. In *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the Court held that § 301 preempted a state tort claim for bad-faith handling of an insurance claim because the duty allegedly violated by the union was created by the collective bargaining agreement. Stated differently, the duty allegedly breached did not exist independently of the agreement. *Lueck*, 471 U.S. at 217–18, 105 S.Ct. at 1914. The Court framed the inquiry as whether state law "confers non-negotiable rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of·the terms of the labor contract." *Id.* 471 U.S. at 213, 105 S.Ct. at 1912. Uniform federal law must be applied regardless of whether the plaintiff frames his suit as one arising under contract law or tort. *Id.* 471 U.S. at 211, 105 S.Ct. at 1911.

The Court once again addressed the preemptive effect of § 301 in *Lingle v. Norge Division of Magic Chef*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). The plaintiff, in *Lingle*, alleged that she had been fired in retaliation for filing a worker's compensation claim. Finding no preemption, the Supreme Court held that a claim was "independent" when it did not require construing the collective bargaining agreement. *Id.* 486 U.S. at 407, 108 S.Ct. at 1882. "[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application· of state law ... is preempted and federal labor-law principles ... must be employed to resolve the dispute." *Id.* 486 U.S. at 405–406, 108 S.Ct. at 1881.

■ The Supreme Court addressed the independence of negligence and fraud claims in *United Steelworkers of America v. Rawson*, 495 U.S. 362, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990). The Court found that the claim that the union acted negligently when conducting mine safety inspections was not independent of the collective bargaining agreement and, hence, was governed exclusively by federal law. *Id.* 495 U.S. at 371, 110 S.Ct. at 1910. Though state law may impose a duty of care when a union acts, federal law governs as long as the duty to act arose from the collective bargaining agreement. *Id.* 495 U.S. at 367, 110 S.Ct. at 1908 *citing International Brotherhood of Electrical Workers v. Hechler*, 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987).

■ Applying the law to plaintiff's complaint, the claims of promissory estoppel and wrongful discharge clearly necessitate interpretation of the collective bargaining agreement and, as such, are governed by federal law. *Lingle, supra*, 486 U.S. 399, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410. Plaintiff Hood is essentially alleging that she was terminated in contravention of the collective bargaining agreement. It would be truly impossible to determine the merits of her claims without interpreting the underlying agreement. *See Davis v. Texprint*, 774 F.Supp. 638, 640 (M.D.Ga.1991). Accordingly, § 301 provides the rule of decision to both of these claims. The need for uniformity of law interpreting

collective bargaining agreements prevents the application of state law to these claims.

### B. Discrimination Claim

▋ In count III, plaintiff alleges discriminatory firing because she was not a member of the union. Claims of discrimination because of nonunion status are governed by sections 7 and 8 of the NLRA. 29 U.S.C. §§ 157 and 158(a)(3). These sections establish the right of an employee to refrain from union activities and prohibit discrimination against those employees. 29 U.S.C. §§ 157 and 158(a)(3). In *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), the Supreme Court held that "[w]hen an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." *Id.* 359 U.S. at 245, 79 S.Ct. at 779. Hence, plaintiff's claim for discrimination is within the exclusive competence of the National Labor Relations Board and cannot be considered by this Court or a state court. *Stephens v. Roadway Express Co.*, 119 L.R.R.M. 2312 (BNA), 29 Emp.Prac.Dec. ¶ 32,941 (N.D.Ga.1982).

### C. Application of Section 301 to Plaintiff's Claims

▋ Plaintiff Hood has brought suit against her employer for breach of the collective bargaining agreement pursuant to § 301 of The Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). The claim which she sought to add is one for breach of the duty of fair representation against the union. Regardless of whether the amendment is allowed, the claim is a hybrid cause of action which is subject to the six-month statute of limitations found at § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

▋ *DelCostello* distinguished between a straightforward contract action alleging breach of the collective bargaining agreement and a "hybrid suit" which involves breach of a collective bargaining agreement and breach of the duty of fair representation. *DelCostello*, 462 U.S. at 162, 103 S.Ct. at 2289. In a suit for breach of a collective bargaining agreement which does not involve a provision to submit disputes to arbitration, state contract law provides the applicable limitations period. *Id.* The matter differs where the collective bargaining agreement contains a provision to settle disputes through arbitration, as is the case here. In this instance, plaintiff cannot bring a claim for breach of the collective bargaining agreement without also alleging that the union failed to fairly represent her, regardless of whether she sues the employer, the union, or both. The claim against the employer for breach of the collective bargaining agreement is "inextricably interdependent" with the claim for breach of the duty of fair representation. *Id.* 462 U.S. at 164, 103 S.Ct. at 2291; *Livingstone v. Schnuck Market, Inc.*, 950 F.2d 579, 582 (8th Cir.1991) (citations omitted).

▋ The Court, in *DelCostello*, held that hybrid claims were subject to the six-month statute of limitations found at § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *DelCostello*, 462 U.S. at 169, 103 S.Ct. at 2293. The hybrid claim is not transformed into a basic contract claim simply because plaintiff sues only the employer. *Id.*, 462 U.S. at 165, 103 S.Ct. at 2291; *Samples v. Ryder Truck Lines*, 755 F.2d 881 (11th Cir.1985). The six-month period is appropriate because "the unfair representation claim made by an employee against his union ... is more a creature of 'labor law' as it has developed since the enactment of § 301 than it is of general contract law." *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981); *Erkins v. United Steelworkers of America*, 723 F.2d 837, 839 (11th Cir.1984).

Therefore, for the purpose of determining the appropriate limitations period, whether plaintiff is allowed to amend to add a claim against the union is irrelevant. Plaintiff is suing under a collective bargaining agreement which obligated her to pursue grievances through the union. The Court finds this cause of action to be a hybrid suit to which the six-month statute of limitations

found at § 10(b) of the NLRA applies.[2] Having determined that the six-month statute of limitations period is applicable, the Court must now address when the cause of action accrued.

The six-month limitations period starts running when the plaintiff was or should have been aware of the acts constituting the alleged violation. *Proudfoot v. Seafarer's Int'l Union*, 767 F.2d 1538, 1540 (11th Cir.1985); *Howard v. Lockheed–Georgia Co.*, 742 F.2d 612, 614 (11th Cir.1984). In hybrid suits, the cause of action accrues on the date that the plaintiff knew or should have known of the union's or the employer's final action, whichever occurs later. Where the employee is discharged before union grievance procedures are initiated, the entire cause of action accrues when the plaintiff learns of the union's unfavorable final action. *Proudfoot*, 767 F.2d at 1559. In Hood's case the cause of action accrued on March 24, 1988, the date the union notified plaintiff that her grievance did not warrant arbitration and that the union would not proceed further. Hence, the statute of limitations on both the § 301 claim and the duty of fair representation claim began to run on that date. *Id.; Howard*, 742 F.2d at 614.

Nevertheless, plaintiff Hood insists that the six-month statute of limitations period was tolled by fraud in the employer's separation notice dated December 18, 1987, which listed plaintiff's period of employment from February 4, 1963 to December 31, 1987. Plaintiff contends that the separation notice misrepresented the date that she attempted to return to work from medical leave of absence in an effort to fraudulently prevent her from bringing suit against her employer.

Initially, the Court notes, the alleged misrepresentation cannot be attributed to the Union. The separation notice is provided by the employer on a form provided by the Georgia Department of Labor. Neither the Union nor any of its representatives had any involvement preparing the separation notice. As there are no facts which connect the Union to any fraud whatsoever, the Court is bound to conclude that the cause of action against the Union for breach of its duty to fairly represent the plaintiff is time barred. Having found that any claim against the Union for breach of its duty to fairly represent the plaintiff is time barred, the July 9, 1992 motion to amend the complaint is moot.

The issue remains whether the alleged fraud tolled the statute of limitations as to the employer, Fort Howard Corporation. The alleged fraudulent conduct consists of the fact that the employer designated December 31, 1987 as Hood's date of last employment, while plaintiff was notified of the termination at an earlier date. The separation notice clearly states that it was completed by the employer and released to the employee on December 18, 1987. It also lists the period of employment as February 4, 1963 to December 31, 1987.

Plaintiff asserts that the statute of limitations should be tolled pursuant to Georgia statute O.C.G.A. § 9–3–96 (1982)[3] or under federal equitable tolling principles. Since a federal statute of limitations period governs hybrid § 301 actions, it follows that federal law and not state law should also apply to the issue of tolling. *Harris v. Ford Motor Co.*, 635 F.Supp. 1472, 1474 (E.D.Mo. 1986); *Hayes v. Reynolds Metals Co.*, 585 F.Supp. 508, 510–11 (N.D.Ala.1984). Accord-

---

**2.** At oral argument, counsel for plaintiff conceded that the suit was a hybrid § 301 suit and that a six-month statute of limitations applied. Moreover, plaintiff's brief in opposition to defendants' motion to dismiss, filed on July 8, 1992, was clear that plaintiff was bringing a § 301 suit. More recently, counsel for plaintiff asserts that this concession was inadvertent and that, in the alternative, plaintiff seeks to recover under state law theories. As discussed above, state law is preempted in this case.

**3.** Georgia law allows a statute of limitations to be tolled as a result of fraud on the part of the defendant. O.C.G.A. § 9–3–96 (1982). O.C.G.A. § 9–3–96 provides that if the defendant or his representatives are guilty of fraud by which the plaintiff has been deterred from bringing an action, the period of limitations shall run only from the time the plaintiff discovers the fraud. *See* O.C.G.A. § 9–3–96. Only actual fraud, and not constructive fraud tolls the statute of limitations. *Shipman v. Horizon Corp.*, 245 Ga. 808, 267 S.E.2d 244 (1980).

ingly, this Court will look to federal principles of equitable tolling.

■■■ The doctrine of fraudulent concealment is read into every federal statute of limitations. *Holmberg v. Armbrecht,* 327 U.S. 392, 396–97, 66 S.Ct. 582, 584–85, 90 L.Ed. 743 (1946). While equitable tolling cannot be applied in the face of contrary Congressional intent, *Hill v. Texaco,* 825 F.2d 333, 334 (11th Cir.1987) (citations omitted), the Eleventh Circuit has applied equitable tolling principles in hybrid § 301/duty of fair representation cases. *Hill v. Georgia Power Co.,* 786 F.2d 1071 (11th Cir.1986). Nevertheless, plaintiff has not shown that equitable tolling should operate in this instance.

Two types of fraudulent conduct equitably toll the running of the statute of limitations.

> First, the doctrine will toll the running of the statute of limitations where the fraud goes undiscovered even though the defendant does nothing to conceal it. The plaintiff, however, must exercise due diligence in attempting to uncover the fraud. In the second situation in which equitable tolling applies, the fraud goes undiscovered because the defendant has taken positive steps after commission of the fraud to keep it concealed. This type of fraudulent concealment tolls the limitations period until actual discovery by the plaintiff.

*Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000, 1004 (7th Cir.1984) *citing Tomera v. Galt,* 511 F.2d 504, 510 (7th Cir.1975). *See also Davenport v. A.C. Davenport & Son Co.,* 903 F.2d 1139 (7th Cir.1990); *Chappell v. EMCO Mach. Works Co.,* 601 F.2d 1295, 1303 (5th Cir.1979).

Plaintiff alleges that the separation notice constitutes an affirmative misrepresentation on the part of the employer. She maintains that the employer attempted to trick her into thinking that she did not attempt to return to work until December 31, so that she would think she attempted to return to work after an eighteen month leave of absence rather than within the eighteen month period. The Court does not find any such misstatement in the separation notice. The separation notice clearly states that it was completed and released to the employee on the 18th of Decem-

ber, and lists December 31, 1987, as the last day of Hood's employment with Fort Howard Corporation. The separation notice makes no mention of when Hood attempted to report back to work. For whatever reason, plaintiff was terminated at the end of the month. This does not amount to fraud. The employer did not affirmatively misrepresent the facts to plaintiff who certainly has personal knowledge of when she attempted to return to work. Therefore, the Court finds that defendants did not take positive steps to conceal the alleged fraud. Finding that there was no after the fact concealment of any fraud, the burden is upon plaintiff to demonstrate that she failed to discover the fraud despite reasonable diligence on her part.

The facts show that plaintiff failed to act with reasonable diligence in attempting to discover her cause of action. At the time of her dismissal, plaintiff was aware that she had given notice to the employer of her need for a leave of absence on June 16, 1986, as this was stated in the grievance she filed with the union. *See* Exhibit 4 to plaintiff's brief in opposition to defendant's motion to dismiss. Moreover, as she was present at the meeting, plaintiff had to be aware of when she met with her employer to inform them that she was willing to come back to work with a leg brace. Plaintiff, though unskilled in the law, can surely calculate an 18–month period, and compare this period to the time she spent on leave of absence. Plaintiff, in the exercise of reasonable diligence, would have calculated whether her leave of absence was within the restrictions of the union contract. That plaintiff has not exercised reasonable diligence is demonstrated by the fact that plaintiff's original complaint admits that she returned to work *after* 18 months, but before 24 months had expired. Plaintiff has attempted to disguise a dispute with her employer over exactly when and whether she was able to fully return to work into allegations of fraud on the part of the employer. The Court finds that the plaintiff has not met her burden of showing that she exercised due diligence in attempting to uncover this cause of action and,

hence, the statute of limitations was not equitably tolled by defendant's actions.

### D. Conclusion

After carefully reviewing the pleadings in this action, this judicial officer FINDS AND RECOMMENDS that defendants' motion to dismiss be GRANTED. Plaintiff's discrimination claim should be dismissed as it is within the exclusive jurisdiction of the National Labor Relations Board. Plaintiff's state claims of wrongful discharge and promissory estoppel are preempted by federal law, § 301 of the Labor–Management Relations Act. Plaintiff's claim under § 301 is time-barred by § 10(b) of the National Labor Relations Act because it was not filed within six-months after the employer's final action. Having recommended dismissal of the complaint, the motion to amend the complaint is MOOT as it would not affect the dismissal.

SO REPORTED AND RECOMMENDED.